EASTERN DIST.
January, 1835.

HERMANN ET AL.
vs.
LOU. STATE
INSURANCE CO.

## HERMANN & SON vs. LOUISIANA STATE INSURANCE CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where A takes out a policy of insurance on a vessel, for *whom it might concern*, takes in a partner in the ownership of the vessel insured, and afterwards transfers the policy by special endorsement in his individual capacity to the plaintiffs, who show a total loss, payment of the loss to them, will liberate the underwriters. They contracted with A, and whether as principal or agent is immaterial.

Where the plaintiffs and intervening parties unite in a prayer, that the defendant be condemned to pay the sum demanded, and his liability is established, he will be required to deposit the money in court, to abide the final decision between the claimants.

This is an action to recover of the Louisiana State Insurance Company, the sum of four thousand dollars, on a policy of insurance taken out by Alexander Baron, on the schooner Eliza Thomas, " for whom it might concern."

The plaintiffs allege they are the transferees of said policy, and entitled to recover its amount. That the interest and ownership of said vessel was in Baron and Dufart, which has been lost by the perils insured against, and abandoned to the underwriters, of which they have had due notice.

The insurance company pleaded a general denial; admitted the execution of the policy, but specially denied that Baron and Dufart had any interest in the vessel as alleged, or that any proof was ever made thereof. They aver that any amount which may be due on said policy, has been seized under writs of *fieri facias*, one in the case of Kohn & Bordier vs. A. Baron, and the other in the case of Delpeuch vs. Dufart, of which matters they pray judgment and for general relief.

The evidence of the case shows, that on the 10th July, 1833, A. Baron caused insurance for four thousand dollars, for account of *whom it might concern*, to be made on the schooner Eliza Thomas, and on the 7th March, 1834, transferred the

policy by special endorsement, in his individual capacity to the plaintiffs.

Eastern Dist.
January, 1835.

A loss within the policy has been admitted and adjusted, at three thousand nine hundred and twenty dollars. No proof of interest was made until the present time.

hermann et al.
vs.
lou. state
insurance co.

The creditors of Baron and those of Dufart have intervened, but the case was tried as between the plaintiffs and the insurance company.

The plaintiffs produced in evidence an act of sale from Lesseps to Dufart, dated the 10th December, 1832; also, articles of partnership between Dufart & Baron, dated the 1st July, 1833, by which the schooner Eliza Thomas was put into the partnership.

On these pleadings and the testimony adduced by the plaintiffs, the cause was submitted to the court. The district judge was of opinion the *interest* in the property insured, was in Baron and Dufart, and that the former by his individual endorsement, did not transfer this interest to the plaintiffs. Judgment of non-suit was entered, from which the plaintiffs appealed.

*Strawbridge,* for the plaintiffs and appellants.

*Eustis, contra.*

*Bullard, J.,* delivered the opinion of the court.

This suit was instituted by the plaintiffs as assignees of a policy of insurance effected by A. Baron, on account of whom it might concern, on the schooner Eliza Thomas, and subscribed by the defendants for four thousand dollars. They allege a total loss by the perils insured against, and a transfer to them of all interest in the policy, with notice to the underwriters, and that the interest and ownership of the schooner, was in Baron and Dufart.

The defendants deny generally the allegations in the petition, except the execution of the policy, and specially the interest in the schooner as alleged, or that any proof was ever

EASTERN DIST. made of it. The total loss is admitted and adjusted at
January, 1835. three thousand nine hundred and twenty dollars.

HERMANN ET AL. Previously to the inception of the suit, a writ of *fieri facias*
*vs.* which issued on a judgment recovered by Kohn & Bordier,
LOU. STATE against A. Baron, was levied on the rights, credits, moneys,
INSURANCE CO. effects, &c. of Baron in the hands of the defendants. Another execution in the case of Delpeuch *vs.* Dufart, was levied on the same day, in the same manner, and particularly on the amount of the insurance on the schooner.

Kohn & Bordier intervened in this suit, and set up their right under the seizure in execution, denying any legal assignment by Baron to Hermann & Son. They pray that the defendants may be ordered to pay in court the amount due on the policy, and finally, that it may be adjudged to them in virtue of the seizure.

Antoine Delpeuch, the other seizing creditor, also, intervened, claiming the amount as the property of Dufart, who he alleges was the true and sole owner of the schooner. He prays that the money may be deposited in court.

The case was tried in the District Court, only as between the plaintiffs as transferees of the policy and the insurance office; and the court being of opinion that the whole interest in the policy did not pass by the assignment of Baron,

Where A takes out a policy of insurance on a vessel for *whom it might concern*, takes in a partner in the ownership of the vessel insured, and afterwards transfers the policy by special endorsement in his individual capacity to the plaintiffs, who show a total loss, payment of the loss to them will liberate the underwriters. They contracted with A, and whether as principal or agent is immaterial.

pronounced judgment of non-suit, from which the plaintiffs, and Kohn & Bordier appealed.

The record furnishes such evidence of interest and a total loss, as to establish the liability of the defendants as underwriters of the policy. Whether Baron, with whom they contracted *for whom it might concern*, had a right to retain the whole amount when received, is a question which concerns him and those who claim a joint interest with him; but that a payment of the whole loss to him, would have liberated the insurers we do not doubt. They contracted with him, and whether as principal or as agent is quite immaterial. But if that were doubtful, the seizing creditors of his partner made themselves parties, and united in the prayer, that the defendants should be condemned to pay the loss, leaving the question still open to be decided by the court, whether Baron

or his assignees are entitled to retain the whole amount, or Dufart, his acknowledged partner, to come in for a share. That question is still open, as between the original plaintiffs HERMANN ET AL. and the intervening creditors of Dufart, as well as whether *vs.* the creditors of Baron himself, are bound by his transfer to LOU. STATE INSURANCE CO. Hermann & Son, or in other words, whether as to them, that Where the plaintiffs and in- transfer was complete. tervening par-

ties unite in a
We are, therefore, of opinion, that the court erred in prayer that the defendant be pronouncing judgment of non-suit against the plaintiffs. condemned to

pay the sum de-
manded, and his
It is, therefore, ordered, adjudged and decreed, that the liability is esta- blished, he will judgment of the District Court be reversed ; and proceeding be required to to give such judgment, as in our opinion, ought to have been deposit the mo- ney in court to rendered below ; it is further ordered and adjudged, that the abide the final decision be- defendants deposit in the District Court, the sum of three tween the claim- thousand nine hundred and twenty dollars, with interest at ants. five per cent. from judicial demand, and that they pay the costs of the District Court, as to the original plaintiffs only, together with the costs of this appeal ; and it is further order- ed, that the case be remanded to the District Court for further proceedings, as between the intervenors and the plaintiffs, all other costs to abide the final decision of the cause.